# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | |
|---|---|
| SHAYNE SHAMBLEN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:17-04636 |
| ) | (Criminal No. 2:16-00133) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the United States' Motion for an Order Directing Movant to File a Privilege Waiver and an Order Directing Movant's Former Counsel to Provide Information to the United States concerning Movant's claim of Ineffective Assistance of Counsel and an Abeyance (Document No. 304.), filed on March 30, 2018, by Assistant United States Attorney, W. Clinton Carte.

## PROCEDURAL HISTORY

On December 29, 2017, Movant, acting *pro se*, filed his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Civil Action No. 2:17-04636, Document No. 288.) As grounds for relief, Movant alleges as follows: (1) The District Court erred in applying an incorrect guideline range and offense level; and (2) Ineffective Assistance of Counsel. (Id.) Specifically, Movant alleges that former counsel, Louie Thompson Price, provided ineffective assistance of counsel by the following: (1) Failing to object to the Court's alleged miscalculations of his offense level during his sentencing proceeding; (2) Failing to file a motion to amend his miscalculated sentence; and (3) Failing to file an appeal of his

1

sentence when Movant requested counsel to do so. (Id., pp. 5 – 7.) By Order entered on January 8, 2018, the undersigned directed the United States to file its Answer. (Id., Document No. 295.) On March 30, 2018, United States filed the above pending Motion seeking an Order directing Movant to file a waiver of the attorney-client privilege and an Order directing Mr. Price to provide relevant and necessary information directly related to Movant's ineffective assistance of counsel claims. (Id., Document N. 304.) The United States further requests that the Court hold this matter in abeyance until the Court has ruled on the motion and the waiver is filed. (Id.)

**ANALYSIS**

In considering the above Motion, the Court must consider the professional and ethical responsibilities of Movant's attorney, as well as the obligation of the Court to ensure a fair, orderly, and efficient judicial proceeding. Clearly, Mr. Price has a basic duty under the standards of professional conduct to protect Movant's attorney-client privilege. Rule 83.7 of the Local Rules provides as follows:

> In all appearances, actions and proceedings with the jurisdiction of this court, attorney shall conduct themselves in accordance with the Rule of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

The confidentiality of information shared between an attorney and his client is addressed by both the Rules of Professional Conduct promulgated by the Supreme Court of Appeals of West Virginia and the American Bar Association's ["ABA"] Model Rules of Professional Conduct. See West Virginia Rules of Professional Conduct 1.6 and 1.9(b); Model Rules 1.6 and 1.9(c). These rules substantially limit the circumstances under which an attorney may reveal privileged communications without an express and informed waiver of the privilege by the client.

Furthermore, the ABA's Committee on Ethics and Professional Responsibility issued

Formal Opinion 10-456 on July 14, 2010, entitled "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim." Although this opinion is not binding on the court, see, e.g., Jones v. United States, 2012 WL 484663 * 2 (E.D.Mo. Feb. 14, 2012); Employer's Reinsurance Corp. v. Clarendon National Insurance Co., 213 F.R.D. 422, 430 (D. Kan. 2003), it provides a reasoned discussion of the competing interests that arise in the context of an ineffective assistance of counsel claim and their impact on the continued confidentiality of attorney-client communications. In summary, the ABA acknowledges in the opinion that "an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information," but cautions that this waiver does not operate to fully release an attorney from his or her obligation to keep client information confidential unless the client gives informed consent for disclosure or disclosure is sanctioned by an exception contained in Model Rule 1.6. After examining the various exceptions contained in Model Rule 1.6, the ABA concludes that disclosure may be justified in certain circumstances; however, any such disclosure should be limited to that which the attorney believes is reasonably necessary and should be confined to "court-supervised" proceedings, rather than *ex parte* meetings with the non-client party.

Upon examining the provisions of Rule 1.6 of the West Virginia Rules of Professional Conduct, the undersigned notes subsection (b)(5) permits a lawyer to "reveal such information [relating to the representation of a client] to the extent the lawyer reasonably believes necessary . . . to respond to allegations in any proceeding concerning the lawyer's representation of a client." In the Comment that follows, the Supreme Court of Appeals instructs the lawyer to "make every effort practicable to avoid unnecessary disclosure of information relating to a representation, to limit disclosure to those having the need to know it, and to obtain protective orders to make other

arrangements minimizing the risk of disclosure." Furthermore, Rule 1.6(b)(6) explicitly states that the lawyer may disclose such information "to comply with other law or a court order." Additionally, Model Rule 1.6(b)(5) authorizes an attorney to reveal information regarding the representation of a client to the extent the lawyer reasonably believes necessary "to respond to allegations in any proceeding concerning the lawyer's representation of the client," and Model Rule 1.6(b)(6) allows disclosures necessary to comply with the law or a court order. In view of the foregoing, the undersigned finds that Mr. Price may, without violating the applicable Rules of Professional Conduct, disclose information in this proceeding regarding his communications with Movant to the extent reasonably necessary to comply with an order of this court and to respond to the allegations of ineffective assistance of counsel.

Now having addressed the professional responsibilities of counsel, the Court turns to its authority and obligations. Federal courts have long held that when a "habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003).[1] Subsequent to the opinion in Bittaker, Rule 502 of the Federal Rules of Evidence was enacted to explicitly deal with the effect and extent of a waiver of the attorney-client privilege in a federal proceeding. Rule 502(a) of the Federal Rules of Evidence specifically addresses the circumstance of when a party discloses a communication or information covered by the attorney-client privilege in a federal proceeding or to a federal office or agency.[2] According to Rule 502(a),

---

[1] *Also see United States v. Pinson*, 584 F.3d 972 (10th Cir. 2009); *In re Lott*, 424 F.3d 446 (6th Cir. 2005); *Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *Dunlap v. United States*, 2011 WL 2693915 (D.S.C.); *Mitchell v. United States*, 2011 WL 338800 (W.D. Wash.).

[2] The Federal Rules of Evidence are applicable in a Section 2255 proceeding "to the extent that

when the attorney-client privilege is waived by a disclosed communication or information:

> the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Nonetheless, the Court retains authority to issue a protective order governing production of the privileged information, including the method by which the currently undisclosed communication will be disclosed. See Rule 12, Rules Governing § 2255 Proceedings; Fed. R. Civ. P. 26(c); and Fed. R. Evid. 503(d); Also see United States v. Nicholson, 611 F.3d 191, 217 (4th Cir. 2010). Rule 7 of the Rules Governing Section 2255 Proceedings expressly authorizes the use of affidavits as part of the record. In order to determine whether an evidentiary hearing is necessary, affidavits submitted by Mr. Price would be useful to the Court. Additionally, such affidavits and any supporting documents should supply the basic information needed by the United States to allow it to respond to Movant's Section 2255 Motion while simultaneously ensuring a reasonable limitation on the breadth of the waiver of the attorney-client privilege.

Based upon the foregoing, it is hereby **ORDERED** that the United States' Motion for an Order Directing Movant to File a Privilege Waiver and an Order Directing Movant's Former Counsel to Provide Information to the United States concerning Movant's claim of Ineffective Assistance of Counsel and an Abeyance (Document No. 304.) is **GRANTED in part** and **DENIED in part**. To the extent the United States requests a written privilege waiver, the Motion

---

matters of evidence are not provided for in the statues which govern procedure therein or in other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 1101(e); *Also see U.S. Torrez-Flores*, 624 F.2d 776 (7th Cir. 1980); *United States v. McIntire*, 2010 WL 374177 (S.D. Ohio); *Bowe v. United States*, 2009 WL 2899107 (S.D. Ga.); *Rankins v. Page*, 2000 WL 535960 (7th Cir.); *Ramirez v. United States*, 1997 WL 538817 (S.D.N.Y.). The statutes and rules governing Section 2255 actions do not address the assertion or waiver of the attorney-client privilege.

is **DENIED**. To the extent the United States requests an Order directing Movant's former counsel to provide information to the United States concerning Movant's claim of ineffective assistance of counsel, the Motion is **GRANTED**. Mr. Price is **ORDERED** to file an affidavit responding only to Movant's specific claims of ineffective assistance of counsel by **May 28, 2018**. The affidavit shall include all the information Mr. Price believes is necessary to fully respond to the claims and shall include as attachments copies of any documents from his file that Mr. Price believes to be relevant and necessary to a determination of the specific claims of ineffective assistance of counsel raised by Movant in his Section 2255 Motion. To the extent any documents produced address other aspects of Mr. Price's representation of Movant, Mr. Price may redact them. In preparing the affidavit and attachment, Mr. Price should disclose only that information reasonably necessary to ensure the fairness of these proceedings.

Next, the undersigned finds that a specific court-imposed limitation on the use of the privileged information is necessary to protect Movant's future interest. As noted by the Fourth Circuit, a protective order prohibiting the subsequent and unfettered use of privileged information disclosed in a Section 2255 proceeding is entirely justified because otherwise, the movant would be forced to make a painful choice between "asserting his ineffective assistance claim and risking trial where the prosecution can use against him every statement he made to his first lawyer" or "retaining the privilege but giving up his ineffective assistance claim." United States v. Nicholson, supra, 611 F.3d at 217(quoting Bittaker, supra, at 722-23). Therefore, it is hereby **ORDERED** that the attorney-client privilege, which attaches to the communications between Movant and his former counsel, shall not be deemed automatically waived in any other Federal or State proceeding by virtue of the above-ordered disclosure in this Section 2255 proceeding. The affidavit and documents supplied by Mr. Price shall be limited to use in this proceeding, and the United States

is prohibited from otherwise using the privileged information disclosed by Mr. Price without further order of a court of competent jurisdiction or a written waiver by Movant.

Finally, to the extent the United States requests an abeyance, the Motion is **GRANTED**. The United States shall file its response to Movant's Section 2255 Motion by **June 11, 2018**, and Movant may file his Reply by **July 11, 2018**.

The Clerk is directed to provide a copy of this Order to Movant, counsel of record, and Mr. Louie Thompson Price.

ENTER: April 27, 2018.

Omar J. Aboulhosn
United States Magistrate Judge